UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN L. HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. ZAVALA,<br><br>        Defendant. | Case No. 1:21-cv-01126-DAD-HBK<br><br>ORDER TO SHOW CAUSE WHY MOTION TO PROCEED *IN FORMA PAUPERIS* SHOULD NOT BE DENIED<br><br>FOURTEEN-DAY DEADLINE<br><br>(Doc. Nos.  9) |

      Plaintiff Darren L. Harris, who is prisoner, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on July 26, 2021.  (Doc. No. 1).  After being ordered by the Court and receiving an enlargement of time, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP motion") on September 27, 2021.  (Doc. No. 9).   In his IFP motion, Plaintiff acknowledges he received three checks in the amount of $1200.00, $1400.00, and $600.00 deposited into his inmate account.  (*Id*. at 2).  At the time he filed his IFP motion, Plaintiff had a $682.00 balance in his inmate trust account. (*Id.*).  A review of the inmate trust account statement submitted by the California Department of Corrections and Rehabilitation shows Plaintiff withdrew nearly $2,000.00 between the date he filed the Complaint and the date he filed the IFP motion.  (*Id.* at 4-5).

      The court is required to "dismiss the case at any time if the court determines the allegation

of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).  It appears Plaintiff had more than sufficient funds in his inmate trust account to pay the $402.00 filing fee in this case when he initiated this action but chose to delay the filling of his IFP motion and withdraw the bulk of his assets in the interim.

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  A determination of indigency rests within the court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").  While IFP applicants need not be "destitute" a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–40 (1948).  When "an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989).  Due to his incarceration, Plaintiff does not incur expenses in prison for necessities such as sustenance, housing and medical care and is not likely paying for necessities of life to any dependents.  *Id*.  Plaintiff therefore is ordered to show cause why he should be permitted to proceed IFP.  Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order.

Accordingly, it is **ORDERED**:

Within **fourteen days** from receipt of this Order, Plaintiff shall either: (1) withdraw his motion to proceed *in forma pauperis* and direct CDCR to pay the $402.00 filing fee; or (2) show cause why he meets the indigence requirement to proceed *in forma pauperis*.

Dated:  October 13, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2