UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN L. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. ZAVALA,<br><br>　　　　　Defendant. | Case No. 1:21-cv-1126-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)<br><br>(Doc. No. 9)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Darren L. Harris, while a prisoner incarcerated at California State Prison, Corcoran,[1] initiated this action by filing a *pro se* prisoner civil rights complaint under 42 U.S.C. § 1983 on July 26, 2021. (Doc. No. 1, "Complaint"). Plaintiff seeks to proceed in this action *in forma pauperis*. (Doc. No. 9). For the reasons discussed below, the undersigned recommends the District Court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three dismissals that constitute strikes and the Complaint does not establish Plaintiff meets the imminent danger exception.

**BACKGROUND AND FACTS**

Plaintiff's Complaint consists of three handwritten pages. (Doc. No. 1 at 1-3). It

---
[1] Plaintiff is now incarcerated at Folsom State Prison. (Doc. No. 17).

identifies as defendants "A. Zavala, et al." in the caption but the Complaint is otherwise devoid of any factual allegations as to A. Zavala or any other defendant. (*Id*.). Instead, the Complaint lists various federal and state statutes and rights in seriatim. (*Id*. at 1-2). To the extent discernable, Plaintiff appears to challenge a disciplinary proceeding. (*Id.* at 2:24-26) (stating "[t]he court has jurisdiction over disciplinary expungement and challenge to disciplinary violation"); *see also* Doc. No. 6) (after complaint was filed Plaintiff states he saw classification committee and needs time to exhaust administrative remedies). Thus, it further appears Plaintiff initiated the instant action before exhausting his administrative remedies. (Doc. No. 6 at 1-2; *see also* Doc. No. 18 at 2) (requesting extension of time to exhaust administrative remedies).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g); *see also Washington v.*

*Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

In order to avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, No. 19-17093, ___ F. 4th ___, 2022 WL 1073607, at *6 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at *7 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v.*

3

*Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005). Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. As the United States Supreme Court noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation." *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

////

/////

/////

# ANALYSIS

## A. Plaintiff Has Three or More Qualifying Strikes

A review of the Pacer Database[2] reveals Plaintiff has filed at least 39 civil actions or appeals in a court of the United States. Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
| --- | --- | --- |
| April 1, 2021 | *Harris v. Brown*, Case No. 2:19-cv-00311-KJM-CKD (E.D. Cal. 2019) | Adopting Findings and Recommendations to dismiss first amended complaint for failure to state a claim. |
| June 30, 2019 | *Harris v. Newsome,* Case No. 2:19-cv-04904 (C.D. Cal. 2019) | Adopting Findings and Recommendations finding first amended complaint failed to state a claim and for failure to prosecute after plaintiff failed to file second amended complaint. |
| June 19, 2019 | *Harris v. Brown*, Case No. 2:18-cv-10349 (C.D. Cal. 2019) | Dismissing case as frivolous, malicious, or fails to state a claim; noting dismissal counts as a three-strikes dismissal; and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). |
| October 18, 2019 | *Harris v. Newsom*, Case No. 2:19-cv-02938 (C.D. Cal. 2019) | Dismissing case as frivolous, malicious, or fails to state a claim; noting dismissal counts as a three-strikes dismissal; and barred *Heck v. Humphrey*, 512 U.S. 477 (1994). |

As evidenced above, Plaintiff has had three or more qualifying strikes for purposes of § 1915(g). The dismissal for failure to prosecute rings the strike bell because the federal court in the Central

---

[2] *See* http://156.128.26.105/LitigantCase.aspx?PersonID=6929 (National Pro Se Database); http://pacer.usci.uscourts.gov.

1  District of California had ordered Plaintiff to file a second amended complaint in case number
2  2:19-cv-04904 (C.D. Cal. 2019) after determining the first amended complaint failed to state a
3  claim and he failed to do so. *See Harris v. Magnum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (noting
4  when a district court dismisses an action because the plaintiff did not file an amended complaint
5  after being given leave to do so and did not notify the court of his intention not to file an amended
6  complaint, the dismissal is for failure to comply with the court order based on Federal Rule of
7  Civil Procedure 41(b) and counts as a strike). Also, the dismissals entered by the court in the
8  Central District of California in case numbers 2:18-cv-10349 and 2:19-cv-02938 as frivolous,
9  malicious, or failure to state a claim, which also referenced a *Heck* bar, properly count as strikes
10 because the *Heck* bar was "facially obvious from the face" of the complaints. *Ray v. Lara*, No.
11 19-17093, 2022 WL 1073607, at *5 (9th Cir. Apr. 11, 2022) (citing *Washington v. L.A. Cnty.*
12 *Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016).

**B. The Imminent Danger Exception Does Not Apply**

14  Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the
15 Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical
16 injury as of the date the complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th
17 Cir. 2007). Liberally construing the Complaint, the undersigned finds it contains no plausible
18 allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the
19 time he filed the action. As noted above, the Complaint contains no facts and no allegations from
20 which the undersigned can find any basis that Plaintiff was under threat of imminent physical
21 injury at the time he filed the Complaint to invoke the § 1915(g) exception. (*See generally* Doc.
22 No. 1).

23  Based on the foregoing, the Court **RECOMMENDS**:

24  1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 9) be DENIED under §
25 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

26  2.  This action be DISMISSED without prejudice to re-filing the action upon pre-
27 payment of fees at the time the action is refiled; or, the District Court first afford the Plaintiff an
28 opportunity to pay the filing fee and direct the Clerk to automatically dismiss the case if Plaintiff

6

fails to pay the filing fee in the time provided.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   May 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE